IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:16-CV-271-RP |
| | § | |
| CHARLES R. CUMMINGS, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is the above-entitled matter, which originated as an action by the United States to reduce to judgment the outstanding tax assessments against Charles R. Cummings and to foreclose the federal tax liens upon certain properties. (Compl., Dkt. 1, at 1). On June 26, 2017, the Court entered an order directing the United States to sell certain property located in Blanco County, Texas ("the Blanco County Lots"). (Order Directing Sale, Dkt. 50). That order directed that all persons occupying the Blanco County Lots "leave and vacate [the property] within thirty (30) days of service of [that] Order on them." (*Id.* ¶ 8).

The property in question was sold at a public auction on September 26, 2017. (Dkt. 56, ¶ 3). Sometime after that date, David Cummings—the adult son of Defendant Charles R. Cummings— began living as a squatter on the property. (Notice, Dkt. 60, ¶ 3). Two Deputy United States Marshals visited David Cummings at the property on November 15, 2017, explaining the need to vacate. (*Id.* ¶ 5). The Marshals visited the property again on December 4, 2017, that time serving David Cummings with a copy of the Order Directing Sale. (*Id.* ¶ 7).

On January 26, 2018, the United States filed a Notice of Contempt. (Dkt. 60). That Notice asserts that, because David Cummings was served with a copy of the Order Directing Sale on December 4, 2017, he was required to vacate the property on or before January 4, 2018. (*Id.* ¶ 9).

1

The Notice further asserts that the United States Marshals are authorized to arrest and evict David Cummings for his failure to do so. (*Id.*). For two reasons, this Court disagrees.

First, the Order Directing Sale provides that "[a]ll persons occupying the[m] in any manner, will leave and vacate the Blanco County Lots permanently within thirty (30) days of service of this Order on them." (Order Directing Sale, Dkt. 50, ¶ 8). That order was entered on June 26, 2017. David Cummings, however, allegedly began living as a squatter on the property sometime after September 26, 2017. (Notice, Dkt. 60, ¶ 3). Because David Cummings was not occupying the Blanco County Lots when the Order Directing Sale was entered, it is—at best—unclear that the terms of that order apply to him.

Second, the United States is no longer the owner of the property in question. On December 15, 2017, the United States represented to the Court that "the deed transferring ownership of [the property] has not been issued because of [David Cummings's presence as] a squatter on the property." (Notice, Dkt. 56, ¶ 3). The United States now represents that the deed transferring ownership of the property was issued on December 5, 2017, and mailed to the buyer on January 9, 2018. (Addendum, Dkt. 61, ¶¶ 2–3). It is therefore unclear to the undersigned why the responsibility for evicting David Cummings lies with the federal government and not with the new owner of the property, who may pursue eviction through the local Justice of the Peace.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that David Cummings is not presently in contempt of this Court. **IT IS FURTHER ORDERED** that the United States Marshals are **NOT AUTHORIZED** to evict, arrest, or detain David Cummings for any alleged non-compliance with the Order of this Court dated June 26, 2017, (Dkt. 50).

**SIGNED** on January 29, 2018.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE